FILED

John A. Balistreri, Esq. (SBN# 98903)
LAW OFFICES OF JOHN A. BALISTRERI
5670 Wilshire Boulevard, Suite 1360
Los Angeles, CA 90036
Telephone (213) 935-3636

95 MAR 14 PM 1:50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. A. PETERS, in his capacity as Administrator, THEATRICAL AND TELEVISION MOTION PICTURE SPECIAL PAYMENTS FUND<br><br>Plaintiff<br><br>vs.<br><br>SUPREME PRODUCTIONS CORPORATION, a California corporation, and DOES 1 through 10, inclusive<br>Defendants | CASE NO.<br><br>**95-1599 R**<br><br>COMPLAINT FOR BREACH OF CONTRACT (CLAIM FOR AMOUNTS OWED) |

## COMPLAINT

Edward C. A. Peters, in his capacity as Administrator of the Theatrical and Television Motion Picture Special Payments Fund (the "Fund"), plaintiff, by its undersigned attorneys, sues Defendant SUPREME PRODUCTIONS CORPORATION, a California corporation ("SUPREME") and DOES 1 through 10, inclusive (all of which defendants are collectively referred to herein as the

ORIGINAL

```
03/14/95                          1:50:57 PM
LA   1-1 LIZ              Receipt # 150691
=====NO REFUND WITHOUT RECEIPT=====
CASE # 95-1599

086900    FILING FEE CIVIL
                         60.00
510000    SPECIAL FUND F/F
                         60.00
====  TOTAL  ====
                        120.00
   CHECK TENDERED $     $120.00
=====NO REFUND WITHOUT RECEIPT=====
```

"Defendants") for amounts owed under the terms of collective bargaining agreements, and for his cause of action states as follows:

### Jurisdiction

1. This court has jurisdiction of this action under section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. section 185 (the "LMRA").

### Parties

2. Plaintiff Edward C. A. Peters ("Peters") is the duly appointed and authorized Administrator of the Fund, which Fund is an employee fringe benefit trust fund. Peters is a fiduciary of the Fund. Peters' principal place of business is within the City of New York, State of New York.

3. The Fund is an employee fringe benefit trust fund established and administered pursuant to master collective bargaining agreements, known as the Basic Theatrical Motion Picture Agreement and the Television Film Labor Agreement, between the American Federation of Musicians of the United States and Canada, a labor organization (the "AFM") and, among others, Jules Chaikin - Auspex Music, for the relevant period January 14, 1984, through the present time (collectively referred to herein as the "Collective Bargaining Agreement"). The Fund is an intended third party beneficiary of certain obligations imposed on signators and others to the Collective Bargaining Agreement.

4. In addition, the Fund is administered pursuant to a supplemental agreement effective from the relevant period January 14, 1984 through the present

2

time, known as the Theatrical and Television Motion Picture Special Payments Fund Agreement (the "SPF Agreement"), between and among the AFM, signators thereto including Jules Chaikin - Auspex Music and Peters as Administrator of the Fund.

5. Upon information and belief, Plaintiff alleges that Defendant SUPREME is a corporation organized under the laws of the State of California, with its principal place of business in the City of Los Angeles, State of California.

6. Upon information and belief, Plaintiff alleges that the corporate charter of Defendant SUPREME has been suspended by the Secretary of State of the State of California.

7. Upon information and belief, Plaintiff alleges that each of the fictitiously named defendants is responsible in some manner for the events and occurrences herein alleged, that said defendants are liable to Plaintiff for the obligations herein described, and that Plaintiff's damages were proximately caused by the acts, conduct and omissions of defendants and each of them. The true names and capacities of said defendants are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek to amend this complaint to set forth the true names and capacities of said defendants when same have been fully ascertained.

8. Upon information and belief, Plaintiff alleges that at all times herein mentioned, each of the Defendants was and is the agent, servant, representative, independent contractor, partner, joint-venturer, co-conspirator and employee of

each or some of the other codefendants, and in doing those acts herein alleged, was acting in the course and scope of its authority as such agent, servant, representative, independent contractor, partner, joint-venturer, co-conspirator and employee of each or some of the other codefendants, and with the expressed and/or implied approval, permission, knowledge, consent and ratification of said codefendants.

9. Upon information and belief, Plaintiff alleges that Defendants and each of them are employers in an industry affecting, and each is an employer whose activity affects, commerce as defined under State and Federal labor laws.

### Collective Bargaining Agreement

10. The Collective Bargaining Agreement provides for the rates of pay, hours, benefit contributions (including payments to the Fund, commonly referred to as "residuals") and other conditions of employment for musicians employed under its terms.

11. The Collective Bargaining Agreement provides that a signatory producer of a motion picture must pay to the Fund, an intended third party beneficiary, residuals in an amount equal to one and two-thirds percent of "producer's accountable receipts" and one percent of "producer's gross" (which terms are defined in the Collective Bargaining Agreement to reflect revenue generated, inter alia, by exploitation of a covered motion picture on, respectively, free television or in supplemental markets such as videocassette), which sums are held by the Fund Administrator in trust
4

and paid out ratably on an annual basis to the musicians who participated in creating the music soundtrack for the motion picture for which the payments were received.

### The SPF Agreement

12. The SPF Agreement provides that payments owed to the Fund are due not more than sixty days following the end of each calendar quarter in which "producer's accountable receipts" and "producer's gross" are received.

13. The SPF Agreement further provides that any producer who fails to make payments within sixty days after written notice from the Fund shall pay, in addition to the delinquent payment, liquidated damages in the amount of ten percent of the delinquent payment, together with the Fund's attorneys fees, expenses and other disbursements incurred in the collection of any overdue sums.

### Assumption Agreement

14. Defendant SUPREME was party to that certain letter agreement of April 10, 1984, by and between Defendant SUPREME and Jules Chaikin - Auspex Music, (the "Assumption Agreement") whereby Defendant SUPREME assumed all obligations owing under the Collective Bargaining Agreement and the SPF Agreement. Specifically, the Assumption Agreement provides that Defendant SUPREME shall bear all residual obligations arising under the

Collective Bargaining Agreement and SPF Agreement.

15. At all times relevant to this cause of action, Defendant Supreme Productions was a party to the Assumption Agreement formally and unequivocally assuming all obligations under the Collective Bargaining Agreement and the SPF Agreement.

## COUNT ONE
### Breach of Contract
(Claim For Amounts Owed)

16. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 15, above, as though set forth in full herein.

17. On or about April 16, 1984, musicians working under the jurisdiction of the AFM and under the terms of the Collective Bargaining Agreement and the SPF Agreement performed services in creating the music soundtrack for the theatrical feature motion picture entitled "The Check is in the Mail."

18. Defendant SUPREME expressly assumed all obligations under the referenced agreements including the obligation to pay residuals to the Fund for those musicians performing services on the film "The Check is in the Mail."

19. Upon information and belief, Plaintiff alleges that the film "The Check is in the Mail" has been and is being exploited in one or more supplemental markets and on free television, and has generated and continues to generate unknown amounts of "producer's accountable receipts" and "producers gross" whereby Defendants and each of them owe to the Fund the percentages specified

in the Collective Bargaining Agreement and the SPF Agreement.

20. Defendants and each of them have failed and refused to pay to the Fund any portion of the amounts owed under the terms of the Collective Bargaining Agreement and the SPF Agreement.

21. Defendants and each of them have for a period of more than sixty days ignored written notice from the Fund's representatives that such payments are owed.

WHEREFORE, Plaintiff Peters, in his capacity as Administrator of the Fund, prays as follows:

A. That this court enter judgment against Defendants and each of them in favor of Plaintiff in an amount to be determined as provided by the terms of the Collective Bargaining Agreement and the SPF Agreement for the film entitled "The Check is in the Mail" plus liquidated damages thereon in the amount of ten percent;

B. That this court award Plaintiff his reasonable attorneys fees, expenses and other disbursements incurred in the collection of said overdue sums; and

C. That this court grant such other and further relief as may be just and proper.

Respectfully submitted,

LAW OFFICES OF JOHN A. BALISTRERI

Date: 3-6-95

John A. Balistreri, Esq.
Attorneys for Plaintiff

- 8 -